IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GREGORY GRIMES, | :: | HABEAS CORPUS |
|    Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| CEDRIC TAYLOR, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:15-CV-1757-TWT-RGV |

**ORDER FOR SERVICE OF ORDER AND
REPORT AND RECOMMENDATION**

Attached is the Order and Final Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If

AO 72A
(Rev.8/82)

no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and on appeal, the Court of Appeals will deem waived any challenge to factual and legal findings to which there was no objection, subject to interests-of-justice plain error review.  11th Cir. R. 3-1.

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 27th day of August, 2015.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GREGORY GRIMES, | :: | HABEAS CORPUS |
|    Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| CEDRIC TAYLOR, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:15-CV-1757-TWT-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner Gregory Grimes, an inmate at the Baldwin State Prison in Hardwick, Georgia, has filed this 28 U.S.C. § 2254 petition to challenge his November 3, 2005, conviction in the Superior Court of Fulton County. The matter is now before the Court on the petition, [Doc. 1]; respondent's answer-response, [Doc. 8], and motion to file responsive pleadings out of time, [Doc. 9]; and petitioner's response in opposition to respondent's motion, [Doc. 11].[1] For good cause shown, respondent's motion to file responsive pleadings out of time, [Doc. 9], is **GRANTED** nunc pro tunc, and the answer-response, [Doc. 8], is deemed timely filed. For the reasons that follow, it is **RECOMMENDED** that the petition be **DENIED**.

---

[1] Petitioner argues that the Court should disregard respondent's untimely answer-response and grant petitioner relief. [Doc. 11 at 2-3]. However, "default judgment is not contemplated in habeas corpus cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (citations omitted).

## I. PROCEDURAL HISTORY

After a Fulton County jury convicted petitioner of the felony murder of Bobby Greer, the trial court sentenced him to life imprisonment. Grimes v. State, 748 S.E.2d 441, 442 & n.1 (Ga. 2013). Attorneys David Todd Wooten and Kimberly Carey represented petitioner at trial. [Doc. 10-35 at 3].

Represented by new counsel, Jennifer A. Trieshman, petitioner filed a direct appeal, arguing that (1) the evidence was insufficient to support his conviction because the evidence failed to prove beyond a reasonable doubt that petitioner's stabbing of Greer was unjustified, (2) the trial court erred in sentencing him for felony murder, and (3) the trial court erred in sentencing him as a recidivist. Br. of Appellant at 13-19, Grimes, 748 S.E.2d 441 (No. S13A1211), 2013 WL 2367452, at *13-19. The Georgia Supreme Court summarized the evidence, which it reviewed "in the light most favorable to the verdict" and found "sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that [petitioner] was guilty of . . . felony murder in the commission of an attempted armed robbery," as follows:

> [Petitioner] fatally stabbed Greer on the morning of January 26, 2003. Earlier that morning, [petitioner] had visited the home of Terrance Barrow, where [petitioner] had obtained a knife, changed into dark clothing, and said that he was looking to rob someone. Greer later was seen entering a nearby "drug house," and [petitioner] was seen walking

> toward the same "drug house," after telling Barrow's girlfriend to keep quiet. Barrow's girlfriend and two individuals walking through the neighborhood subsequently saw [petitioner] attack Greer. [n. 2]. According to one of the walkers, [petitioner] threw a bottle at Greer and, with a silver blade in his hand, told Greer that "you got my money." That walker heard Greer deny that he had or owed any money, and the walker then saw [petitioner] strike Greer in the chest. The other walker saw the attack and observed Greer try to deflect the blow. Barrow's girlfriend also saw Greer attempt to fight back, and she observed that [petitioner] had a shiny object in his hand. Greer eventually walked away from the scene of the fight, but he was later found lying in the street with a fatal stab wound to his chest.
>
> That same morning, investigators found the knife that [petitioner] had obtained from Barrow's house, and on it, they found Greer's blood. The knife was found stuck in the porch railing of a house next to Barrow's, and a resident of that house explained that he earlier had overheard a conversation between his roommate and [petitioner]. In the course of that conversation, [pettitioner] said that he had "got[ten] into it" with someone who "was shooting at him," that [petitioner] "f* * *ed him up," and that he "should be resting in peace by now." Although gunshot residue was found on Greer's hands, no witness saw Greer with a gun or heard any gunshots, and no weapons were found on or near his body.

Grimes, 748 S.E.2d at 442-43. In footnote two, the court added, "[t]he girlfriend and one of the walkers knew [petitioner] and identified him by name. The other walker did not know [petitioner], but she described the attacker as a man wearing dark clothing." Id. at 442, n.2. On September 9, 2013, the Georgia Supreme Court affirmed the trial court's judgment. Id. at 444.

3

On September 8, 2014, petitioner filed a pro se state habeas corpus petition in the Superior Court of Baldwin County. [Doc. 10-1]. Petitioner raised the following claims in his state habeas petition and supporting brief: (1) trial counsel was ineffective for not investigating the state's discovery material and not interviewing witnesses before trial; (2) appellate counsel was ineffective for failing to argue that trial counsel was ineffective for (a) failing to interview the state's witnesses, (b) object to the illegal conviction and sentence for voluntary manslaughter and felony murder, (c) review discovery, and (d) impeach a witness; (3) the prosecutor committed misconduct by (a) using the perjured testimony of two witnesses in obtaining an indictment against petitioner, (b) violating discovery rules in not obtaining information from police that a witness had used several aliases in committing crimes, and (c) calling surprise witnesses; (4) the trial court erred by entering a judgment of conviction for felony murder rather than for voluntary manslaughter; and (5) the trial court erred by failing to instruct the jury on petitioner's sole defense, i.e., "voluntary manslaughter as related to mutual combat." [Id. at 4-5; Doc. 10-3]. The state habeas court conducted an evidentiary hearing on November 19, 2014, [Docs. 10-5 and 10-6 at 1-12], and entered a written order denying the petition on February 16, 2015, [Doc. 10-4]. Petitioner did

4

not seek a certificate of probable cause ("CPC") to appeal the denial of habeas corpus relief.  See [Doc. 1 at 4].

Instead, petitioner executed this § 2254 petition on February 19, 2015. [Doc. 1 at 4, 8].  As grounds for relief, petitioner asserts that:  (1) the evidence was insufficient to support his conviction because it was based solely on Terrance Barrow's hearsay testimony, Barrow did not testify that he saw petitioner "fight, shoot, or stab anyone," the court relied upon testimony from witnesses who were not identified by name, petitioner was not given a chance to face his accusers, there was no evidence that petitioner either took or attempted to take anything from the victim, and gun residue was found on the victim's hand; and (2) he received ineffective assistance of appellate counsel when counsel failed to argue that trial counsel was ineffective for (a) not informing petitioner that there was an eyewitness for the defense,[2] (b) not calling the witness on petitioner's behalf, (c) not interviewing the state's witnesses, (d) not reviewing the state's discovery, and (e) coercing petitioner to assert self-defense in the middle of trial because there was no witness for petitioner.  [Id. at 5;

---

[2] Although petitioner contends that he only recently discovered this eyewitness in a document he obtained from the state habeas court [Doc. 1 at 5; Doc. 1-1 at 3], namely a supplemental police report, [Doc. 1-1 at 6], the record shows that this report was part of the discovery provided to the defense prior to trial, [Doc. 10-8 at 4; Doc. 10-11 at 8].

5

Doc. 1-1]. Respondent argues that all of petitioner's grounds for relief are procedurally defaulted. [Doc. 8-1 at 5-14].

## II. DISCUSSION

### A. 28 U.S.C. § 2254 Standards

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). In general, a state prisoner who seeks federal habeas corpus relief may not obtain that relief unless he first exhausts his available remedies in state court or shows that a state remedial process is unavailable or ineffective. Id. § 2254(b)(1). A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d); Van Poyck v. Fla. Dep't of Corrs., 290 F.3d 1318, 1322 n.4 (11th Cir. 2002) (per curiam) ("[I]n the context of a habeas review of a state court's decision–only Supreme Court precedent can clearly establish the law.").

6

When applying § 2254(d), the federal court evaluating a habeas petition must first determine the applicable "'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)). Next, the federal habeas court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or whether the state court reached a result different from the Supreme Court on a set of materially indistinguishable facts. Id. at 412-13. In other words, a state court decision is "contrary to" clearly established federal law only when it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id. at 405; see also Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (holding that a state court decision is not contrary to federal law simply because it does not cite Supreme Court authority; the relevant inquiry is whether the reasoning or the result of the state decision contradicts that authority).

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it must then determine whether the state court decision was an "unreasonable application" of clearly established federal law by determining whether the state court identified the correct governing legal principle

7

from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case. Williams, 529 U.S. at 413. "For purposes of § 2254(d)(1), 'an <u>unreasonable</u> application of federal law is different from an <u>incorrect</u> application of federal law.'" Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Williams, 529 U.S. at 410) (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly [but r]ather, that application must also be unreasonable." Williams, 529 U.S. at 411. Thus,

> [a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington, 562 U.S. at 103; see also Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) ("Where [in a federal habeas corpus petition] the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but [also] objectively unreasonable."). Additionally, the state court's determinations of factual issues are presumed correct. 28 U.S.C. § 2254(e)(1). A petitioner can

8

overcome this presumption only by presenting "clear and convincing evidence" that the state court's findings of fact were erroneous. Id.

The undersigned has reviewed the pleadings and exhibits and finds that the record contains sufficient facts upon which the issues may be resolved. As petitioner has not made the showing required by 28 U.S.C. § 2254(e)(2) to entitle him to an evidentiary hearing, the undersigned finds that no federal evidentiary hearing is warranted, and the case is now ready for disposition.

## B.     Procedurally Defaulted Grounds

"Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court . . . ." Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994). Thus, a claim not previously raised in state court is procedurally defaulted when it is clear that a state court would now find that it is "barred by [state] law" from considering the merits of the claim. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner can overcome a procedural default by showing "cause" for the default and resulting "prejudice" or that "a fundamental miscarriage of justice" will

occur if the claim is not addressed. Mincey v. Head, 206 F.3d 1106, 1135 (11th Cir. 2000); see also Agan v. Vaughn, 119 F.3d 1538, 1548 (11th Cir. 1997) ("A state court's determination that a claim is barred from review in state court because of the petitioner's failure to comply with state law procedures for presenting the claim precludes federal habeas review of that claim, unless the petitioner can show both cause for the default and prejudice arising therefrom or that the failure to review the claim would result in miscarriage of justice." (internal quotation marks and citation omitted)). An ineffective-assistance-of-counsel claim, if both exhausted and not procedurally defaulted, may constitute cause. Hill, 81 F.3d at 1029-31; see also Murray v. Carrier, 477 U.S. 478, 489 (1986) ("[A] claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."). If a petitioner has not shown cause to excuse the procedural default, a federal court need not consider whether he can demonstrate actual prejudice from the alleged constitutional violation. McCleskey v. Zant, 499 U.S. 467, 502 (1991).

Although petitioner challenged the sufficiency of the evidence to support his conviction on direct appeal, the argument he presented on appeal differs from those he presents in ground one of this federal petition. Georgia law provides that if a petitioner

10

failed to make a "timely motion or objection or otherwise compl[y] with Georgia procedural rules at trial and on appeal[,] . . . habeas corpus relief shall not be granted." O.C.G.A. § 9-14-48(d).  Furthermore, Georgia's rule against successive habeas petitions prohibits a Georgia court from considering claims in a second state habeas corpus petition that could have been raised in the first habeas petition.  See O.C.G.A. § 9-14-51.  Because these rules prevent a Georgia habeas corpus court from considering the new arguments raised in ground one, those claims are procedurally defaulted.  See Ogle v. Johnson, 488 F.3d 1364, 1370-71 (11th Cir. 2007) (A claim that "could not be raised in a successive state habeas petition . . . is procedurally defaulted."); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) (concluding "that a state habeas court would hold [petitioner's] claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition" and "that those claims [therefore] are procedurally barred from review in this federal habeas proceeding and exhausted."). To the extent that petitioner also argues that the evidence failed to prove beyond a reasonable doubt that his stabbing of Greer was unjustified, the merit of that properly exhausted sufficiency claim is addressed below in section II.C.

11

Petitioner did not present to the state courts his claims that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not informing petitioner that there was an eyewitness for the defense, not calling the witness on petitioner's behalf, and coercing petitioner to assert self-defense in the middle of trial because there was no witness for petitioner. Because Georgia's rule against successive habeas petitions prevents a Georgia habeas corpus court from considering these new claims, they are also procedurally defaulted. See Ogle, 488 F.3d at 1370-71; Chambers, 150 F.3d at 1327.

Additionally, although petitioner did assert in his state habeas petition that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not interviewing the state's witnesses and not reviewing the state's discovery, he did not seek a CPC to appeal the denial of his state habeas petition. Accordingly, petitioner failed to exhaust those claims through one complete round of the state's appellate review process. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (Before seeking federal habeas corpus relief, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." ); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (per curiam) (concluding that prisoner "failed to exhaust his

12

state remedies by failing to petition the Supreme Court of Georgia for a certificate of probable cause to appeal the denial of his state habeas petition") (citing O.C.G.A. § 9-14-52). The thirty-day period for seeking a CPC in the Georgia Supreme Court has expired. See O.C.G.A § 9-14-52. Accordingly, petitioner's remaining ineffective assistance claims are also procedurally defaulted. Pope, 358 F.3d at 854.

Petitioner has not alleged cause and resulting prejudice or a fundamental miscarriage of justice to excuse the procedural default of his grounds for relief. Accordingly, petitioner is not entitled to federal habeas relief on these grounds.

C.   **Properly Exhausted Sufficiency Claim**

Petitioner argued on direct appeal that the evidence was insufficient to support his conviction because the state failed to prove beyond a reasonable doubt that petitioner's stabbing of Greer was unjustified, as "there was evidence adduced at trial that Greer had a weapon and had shot at [petitioner]." Br. of Appellant at 14, Grimes, 748 S.E.2d 441 (No. S13A1211), 2013 WL 2367452, at *14.

When reviewing a challenge to the sufficiency of the evidence, a court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979)

13

(emphasis in original). "When the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant." Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001). "In other words, federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence." Id.

The Georgia Supreme Court found that, although "there was some evidence that Greer had a weapon and shot at Grimes before the stabbing–namely, [petitioner's] own statement and the gunshot residue found on Greer's hands–the . . . evidence on those points was conflicting." Grimes, 748 S.E.2d at 443. The court then noted that "[t]here was evidence that Greer, in fact, had no weapon and did not shoot at Grimes." Id. Specifically, "no witness saw Greer with a gun or heard any gunshots, and no weapons were found on or near his body." Id. The record supports this factual finding. [Doc. 10-54 at 1; Doc. 10-64 at 18]. The Georgia Supreme Court then explained that "conflicts in the evidence, questions about the credibility of witnesses, and questions about the existence of justification are for the jury to resolve" and that "the jury was free to accept that the stabbing was not done in self-defense and to reject any evidence in support of a justification defense." Id. (citations and alterations omitted). "Viewing the evidence in the light most favorable to the verdict," the court concluded that "the

14

evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that [petitioner] was guilty of . . . felony murder in the commission of an attempted armed robbery." Id. (citing Jackson, 443 U.S. at 319).

Petitioner has not met his burden to show either that the Georgia Supreme Court's decision was based on an unreasonable determination of the facts or that its rejection of this ground was contrary to, or involved an unreasonable application of, the clearly established federal law set forth in Jackson. See Argo v. Sec'y, Dep't of Corr., 465 F. App'x 871, 874-75 (11th Cir. 2012) (per curiam) ("We presume the state court's determination of the facts is correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.") (citing 28 U.S.C. § 2254(e)(1)); Pair v. Cummins, 373 F. App'x 979, 981 (11th Cir. 2010) (per curiam) ("[T]he habeas petitioner bears the burden 'to show that the state court applied [the applicable clearly established federal law] to the facts of the case in an objectively unreasonable manner.'"). In fact, the Georgia Supreme Court correctly applied the Jackson standard to petitioner's sufficiency claim and reasonably determined that the jury was free to reject petitioner's justification defense based on the evidence before it. The undersigned therefore finds that the state court's rejection of petitioner's

15

challenge to the sufficiency of the evidence is entitled to deference pursuant to § 2254(d).  See Harrington, 562 U.S. at 101; Williams, 529 U.S. at 404-05, 412-13.

### III.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists

16

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing <u>Slack</u>, 529 U.S. at 484). Based on the foregoing discussion of petitioner's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that petitioner be denied a COA.

### IV.  CONCLUSION

For the reasons stated, respondent's motion to file responsive pleadings out of time, [Doc. 9], is **GRANTED** <u>nunc pro tunc</u>, and the answer-response, [Doc. 8], is deemed timely filed; and **IT IS RECOMMENDED** that this 28 U.S.C. § 2254 petition, [Doc. 1], and a COA be **DENIED**, and that this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 27th day of August, 2015.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)